IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICKIE MCCLAIN, | ) | |
| | ) | Civil Action No.  2:20-1485 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONNELLSVILLE SCHOOL | ) | |
| DISTRICT and MICHAEL PARLAK, | ) | |
| as an aider and abettor, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, VICKIE MCCLAIN, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1.    This is an action to redress the deprivation by the Defendants of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination and harassment in her employment on account of her sex, which right is guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (as amended) ("Title VII"), the Civil Rights Act of 1991 (as amended), as well as pendent state law claims. Declaratory relief is sought under, and by virtue of, Title 28 U.S.C. §§2201 and 2202.

2.    Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3).

3.      Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

4.      Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

      a.      Plaintiff filed a charge of discrimination and retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about January 14, 2020 and said charges was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

      b.      Plaintiff received a Notice of the Right to Sue on or about September 21, 2020; and

      c.      Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

<u>PARTIES</u>

5.      Plaintiff, Vickie McClain, is an adult female individual residing in Fayette County, Pennsylvania.

6.      Defendant, Connellsville School District ("District"), is a governmental entity and/or political subdivision of the Commonwealth of Pennsylvania with administrative offices located at 732 Rockridge Road, Connellsville, Pennsylvania 15425.

7.      At all times relevant hereto, Defendant District was acting through its partners, directors, agents, subsidiaries, officers, employees and assigns within the full scope of their respective agency, office, employment or assignment.

8.      Defendant, Michael Parlak ("Parlak"), an aider and abettor, is an adult male individual with a residence in Pennsylvania. At all times relevant to this matter, Defendant Parlak was

employed by Defendant District as the Director of Security and exercised the powers of his authority to sexually harass the Plaintiff.

<u>FACTUAL ALLEGATIONS</u>

9.    Plaintiff has been employed by Defendant District since in or about 2003 and currently holds the position of clerk.

10.    Plaintiff has been subjected to a sexually hostile work environment since in or about 2015.

11.    Prior to that time, Plaintiff was engaged in an intimate relationship with Defendant Parlak for several years.

12.    Defendant Parlak was, and is, employed by Defendant District as the Director of Security.

13.    When Plaintiff ended her relationship with Defendant Parlak in 2015, he became increasingly verbally abusive and extremely hostile while in the workplace.

14.    As a result of Defendant Parlak's offensive conduct, Plaintiff filed a complaint with Defendant District in or about June of 2015, in which she detailed Defendant Parlak's harassing behavior and disclosed her fears for her safety in relation to that behavior.

15.    However, Defendant Parlak's offensive conduct continued, unchecked by Defendant District, despite its actual knowledge of Defendant Parlak's actions through the Plaintiff's formal complaint, as more fully described hereinbefore above.

16.    Defendant Parlak's harassing behavior included, but was not limited to, frequent inquiries regarding the Plaintiff's interaction with male colleagues and obsessive monitoring of the Plaintiff's movements through Defendant District's security system.

17.    Defendant Parlak's conduct, as more fully described hereinbefore above, continued for several years and the Plaintiff was harassed and demeaned by Defendant Parlak on a regular basis.

18.    In or about October of 2019, Plaintiff complained to the principal of Defendant District's high school, Nicholas Bosnic ("Bosnic"), about Defendant Parlak's constant surveillance of her activities through the Defendant District's security system.

19.    Despite this complaint, Defendant District failed to discipline Defendant Parlak in any way for his inappropriate and unprofessional behavior.

20.    Shortly thereafter, on or about October 22, 2019, Defendant Parlak publicly berated the Plaintiff regarding her job performance.

21.    After accusing the Plaintiff of engaging in activities that were allegedly outside her job duties, Defendant Parlak proceeded to verbally abuse the Plaintiff for a perceived act of insubordination.

22.    As a result of Defendant Parlak's false accusations and threatening demeanor, Plaintiff became emotionally distraught.

23.    On or about October 24, 2019, Plaintiff again reported Defendant Parlak's ongoing harassment to Defendant District

24.    Despite the Plaintiff's complaints, Defendant District failed to discipline Defendant Parlak in any way for his inappropriate and unprofessional behavior.

25.    Plaintiff believes, and therefore avers, that male employees are not subjected to such harassment, as described hereinbefore above, nor are male employees subject to a sexually hostile work environment.

26.    Moreover, Plaintiff has been consistently passed over for promotions and denied various other advancement opportunities by Defendant District.

27.    Plaintiff believes, and therefore avers, that Defendant District's actions are in retaliation for the Plaintiff's complaints regarding Defendant Parlak's harassing behavior and Defendant District's sexually hostile work environment

28.    Plaintiff has been adversely affected as a result of the Defendants' actions and inaction and the sexually hostile work environment created and perpetrated by the Defendants.

29.    Plaintiff has suffered emotional, psychological and physical distress, inconvenience, loss of reputation, humiliation and embarrassment as a direct result of the Defendants' discriminatory conduct, as more fully described hereinbefore above.

30.    Moreover, Defendant District's actions, from in or about 2015 until the present, indicate a continuous course of discriminatory conduct towards female employees.

31.    Plaintiff believes, and therefore avers, that Defendants' conduct is part of a plan, pattern or practice of discrimination that may affect similarly situated individuals.

COUNT I:

SEXUAL (GENDER) DISCRIMINATION

32.    Plaintiff incorporates by reference Paragraphs 1 through 31 as though fully set forth at length herein.

33.    As described hereinbefore above, Plaintiff was subjected to discrimination based on her sex in that she was treated differently than male employees and subjected to a sexually hostile work environment.

34.    Although Plaintiff made multiple formal complaints to Defendant District of the sexual harassment and discriminatory actions, Defendant District did nothing to prevent further

5

discriminatory, retaliatory and harassing actions or discipline Defendant Parlak.

35.     As a direct result of the Defendants' discriminatory actions in violation of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, the Plaintiff has incurred counsel fees and other costs in pursing her legal rights.

36.     Additionally, the Plaintiff has suffered emotional, psychological and physical distress, inconvenience, loss of reputation, humiliation and embarrassment as a direct result of the Defendants' discriminatory conduct, as described above.

37.     The actions of the Defendants were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

38.     The actions on part of the Defendants are part of a plan, practice or pattern of discrimination which may affect others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.     that the Court enter a judgment declaring Defendants' actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b.     that the Court award the Plaintiff back pay damages and other benefits lost due to Defendants' unlawful conduct plus interest from the date of discrimination;

c.     that the Court  award the Plaintiff compensatory and punitive damages as a result of Defendants' violation of the Civil Rights Act of 1991;

d.     that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

e.     that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

f.     that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED.

COUNT II:

SEXUAL HARASSMENT

39.     Plaintiff incorporates by reference Paragraphs 1 through 38 as though fully set forth at length herein.

40.     As described hereinbefore above, Plaintiff has been subjected to a sexually hostile work environment in violation of Title VII of the Civil Rights Act.

41.     Although Plaintiff filed multiple formal complaints, Defendant District has not taken any remedial action against Defendant Parlak.

42.     As a direct result of the sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, the Plaintiff has been forced to endure pain, suffering, humiliation, inconvenience, stress, anguish and mental and emotional distress.

43.     Defendants' actions were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

44.     The actions on the part of the Defendants are part of a plan, pattern or practice of sexually harassing and/or discriminating against female employees in the type and manner described above which may affect others similarly situated to the Plaintiff.

        WHEREFORE, Plaintiff requests the following:

        a.      that the Court enter a judgment declaring Defendants' actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

        b.      that the Court award the Plaintiff back pay damages and other benefits lost due to Defendants' unlawful conduct plus interest from the date of discrimination;

        c.      that the Court  award the Plaintiff compensatory and punitive damages as a result of Defendants' violation of the Civil Rights Act of 1991;

      d.      that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

      e.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

      f.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

RETALIATION

45.    Plaintiff incorporates by reference Paragraphs 1 through 44 as though fully set forth at length herein.

46.    As described hereinbefore above, Plaintiff was retaliated against for engaging in a protected activity. The retaliatory conduct included, but was not limited to, being consistently passed over for promotions and other advancement opportunities by Defendant District.

47.    As a direct result of Defendant District's discriminatory and retaliatory actions, and in violation of Title VII, Plaintiff has and/or will incur counsel fees and other costs in pursuing her legal rights. Plaintiff has also suffered from emotional distress, inconvenience, humiliation, defamation of character and stress.

48.    The actions on the part of the Defendants were intentional and willful and/or done with a reckless disregard of the Plaintiff.

    WHEREFORE, Plaintiff requests the following:

      a.      that the Court enter a judgment declaring Defendants' actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

     b.       that the Court award the Plaintiff back pay damages and other benefits lost due to Defendants' unlawful conduct plus interest from the date of discrimination;

     c.       that the Court  award the Plaintiff compensatory and punitive damages as a result of Defendants' violation of the Civil Rights Act of 1991;

     d.       that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

     e.       that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

     f.       that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

## COUNT IV:

## PENNSYLVANIA HUMAN RELATIONS ACT

49.     Plaintiff incorporates Paragraphs 1 through 48 as though fully set forth at length herein.

50.     As set forth above, the Defendants have discriminated against the Plaintiff because of her sex in violation of the Pennsylvania Human Relations Act, 43 Pa C.S.A Section 955(a).

51.     As described hereinbefore above, Plaintiff was subjected to a sexually hostile work environment.  Such conduct ultimately led to the Plaintiff's injuries and damages, as set forth at length above.

52.     As a direct result of the Defendants' discriminatory and retaliatory actions and violations of the PHRA, the Plaintiff has, and/or will, incur counsel fees and other costs in pursing her legal rights.  The Plaintiff has also suffered from physical and emotional distress, inconvenience, humiliation, apprehension and stress.

53.     The actions on the part of the Defendants were intentional and willful and/or done with a reckless disregard of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a judgment declaring the Defendants' actions to be
        unlawful and violative of the Pennsylvania Human Relations Act;

b.      that, in addition to damages described hereinbefore above, the Court
        award the Plaintiff compensatory damages as a result of the Defendants'
        violation of the Pennsylvania Human Relations Act.

c.      that the Court order the Defendants to pay pre and post-judgement interest
        on any award given to the Plaintiff;

d.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this
        action; and

e.      that the Court grant the Plaintiff such additional relief as may be just and
        proper.

                                                    JURY TRIAL DEMANDED


                            Respectfully submitted,

                            LAW OFFICES OF JOEL SANSONE

                            s/ Joel S. Sansone
                            Joel S. Sansone, Esquire
                            PA ID No. 41008
                            Massimo A. Terzigni, Esquire
                            PA ID No. 317165
                            Elizabeth A. Tuttle, Esquire
                            PA ID No. 322888
                            *Counsel for Plaintiff*

                            Law Offices of Joel Sansone
                            Two Gateway Center, Suite 1290
                            603 Stanwix Street
                            Pittsburgh, Pennsylvania 15222
                            412.281.9194

Dated: October 1, 2020